The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing the plaintiff was a 65 year old female who had a high school diploma, and basic and advanced licensed practical nursing schools. Prior to the compensable injury on September 18, 1982, the plaintiff had approximately 15 years of work experience as an L.P.N.
2. The plaintiff was adjudged to be permanently and totally disabled by Deputy Commissioner Shuping in his September 18, 1982 Opinion and Award. The Full Commission affirmed this ruling in its Opinion filed on November 25, 1986. Thereafter, the plaintiff has received weekly compensation benefits.
3. On January 9, 1991, the plaintiff underwent a total hip replacement, which was performed by Dr. Paul Wright, an orthopaedic surgeon. Following the surgery, Dr. Wright recommended six weeks of round-the-clock home health care for the plaintiff and to assist with cooking, cleaning, laundry, groceries and medication pick-up, and walking in and out of the yard.
4. On February 20, 1991, Gene McLaughlin, PA-C at Durham Orthopaedic Clinic, noted the need for plaintiff to continue to have help with housework and errands on a permanent basis.
5. On September 24, 1991, Dr. Wright noted that with regard to the hip surgery, the plaintiff should not be in need of attendant care. However, Dr. Wright also indicated that the need for attendant care was not merely an orthopaedic issue, but also a mental health issue for the plaintiff.
6. On December 18, 1991, Dr. Michael Dowling of Lincoln Community Health Center wrote a note to prescribe a chore worker for plaintiff for 8-10 hours per week to assist with housework, lifting, etc., due to the low back pain the plaintiff has had for the past 10 years.
7. On January 20, 1992, Dr. Wright wrote a prescription indicating the plaintiff should have assistance for 8 hours per week for cleaning and groceries due to her hip and back problems. He noted that due to plaintiff's degenerative disc disease and degenerative joint disease of the lumbosacral spine, attendant care may be justified.
8. Since the September 18, 1992 injury, the plaintiff has become incontinent of both bowel and bladder function. These conditions have become increasingly worse over the years since the injury in 1982.
9. The plaintiff has used diapers and undergarments over the years, at considerable personal expense without reimbursement by defendants.
10. The plaintiff has been prescribed Probanthine for her incontinence, which she has paid for personally and without reimbursement by the defendants. This medication has provided some relief for the incontinence.
11. As a result of her incontinence, the plaintiff has had recurrent urinary tract infections which have been treated with Cephalexin, SMZ-TMP, and Urispas. The defendants have not reimbursed the plaintiff for these prescriptions.
12. The bowel and bladder incontinence have been caused or aggravated by the September 18, 1982 injury by accident.
13. The 1986 Opinion and Award by the Full Commission specifically includes the plaintiff's severe depression coupled with her back pain which renders her totally disabled.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff is entitled to have defendants pay for such attendant care services as may be ordered by the plaintiff's treating physician or physicians. N.C. GEN. STAT. § 97-29.
2. The plaintiff is entitled to have the defendants reimburse her for diapers and medically necessary undergarments and supplies, and medication and care which provides relief, effects a cure or lessens her period of disability as a result of the bladder and bowel incontinence, and urinary tract infections. N.C. GEN. STAT. § 97-29.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall provide such attendant care as may be ordered by plaintiff's treating physician or physicians.
2. Defendants shall provide necessary treatment and reimbursement for treatment and medications from the date of the prior Opinion and Award in this case for plaintiff's depression. Defendants shall provide such treatment and medication as may be ordered in the future for plaintiff's depression.
3. Defendants shall reimburse the plaintiff for medication, treatment, diapers, and special undergarments and supplies necessary due to her bladder and bowel incontinence and urinary tract infections. Defendants shall provide such treatment, medication, and supplies as may be necessary to provide relief, effect a cure or lessen the plaintiff's period of disability as a result of the bladder and bowel incontinence and the urinary tract infections.
4. Defendants shall bear the costs.
 S/ _____________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ J. RANDOLPH WARD COMMISSIONER
CMV/CNP/tmd 4/12/95